It cannot be said that this evidence was admissible, even though hearsay, in order to impeach Baber because the issue in the instant trial was not whether Baber or the officers were telling the truth but rather whether the appellant had acquired the calf involved in this prosecution feloniously.

The danger of permitting such evidence is apparent and calls for a reversal of this conviction. Accordingly, the motion for rehearing is granted; the judgment of affirmance is set aside; and the judgment is now reversed and the cause remanded.

PER CURIAM.

The conviction is for a violation of the liquor law in Navarro County. The penalty assessed is a fine of $100 and confinement in the county jail for ten days.

All matters of procedure appear regular. The record is before us without a statement of facts or bills of exception, in the absence of which nothing is presented for review.

The judgment of the trial court is affirmed.

---

**Bruce MOYE, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 27151.

Court of Criminal Appeals of Texas.

Nov. 10, 1954.

No attorney on appeal for appellant.

Wesley Dice, State's Atty., Austin, for the State.

---

**Bruce MOYE, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 27153.

Court of Criminal Appeals of Texas.

Nov. 10, 1954.

No attorney on appeal for appellant.

Wesley Dice, State's Atty., Austin, for the State.